UNITED STATES of America,
Appellee,

v.

Edward MONROE, Defendant–
Appellant.

No. 09–3262–cr.

United States Court of Appeals,
Second Circuit.

Sept. 28, 2010.

Lisa A. Peebles, First Assistant Federal Public Defender (James P. Egan, Research and Writing Specialist, on the brief), for Alexander Bunin, Federal Public Defender, Syracuse, New York, for Appellant.

Brenda K. Sannes, Assistant United States Attorney (Kevin P. Dooley, Assistant United States Attorney, on the brief), for Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York, for Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, ROBERT A. KATZMANN, DEBRA A. LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Edward Monroe appeals his conviction, arguing that the district court abused its discretion in admitting evidence of his prior conviction for possessing child pornography. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This Court accords "considerable deference to a district court's decision to admit . . . evidence" pursuant to Federal Rule of Evidence 404(b), *United States v. Paulino*, 445 F.3d 211, 221 (2d Cir.2006), and will reverse a district court's evidentiary ruling only if it identifies an abuse of discretion, *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir.2009). When we review a district court's "judgment regarding the admissibility of a particular piece of evidence under [Federal Rule of Evidence 403], we generally maximize its probative value and minimize its prejudicial effect." *United States v. Downing*, 297 F.3d 52, 59 (2d Cir.2002) (internal quotation marks and brackets omitted).

Our Circuit "follows the inclusionary approach to other crimes, wrongs, or acts evidence." *United States v. Carlton*, 534 F.3d 97, 101 (2d Cir.2008) (internal quotation marks omitted). Under this approach, evidence of a prior crime "is admissible unless it is introduced for the sole purpose of showing the defendant's bad character, or unless it is overly prejudicial[,] . . . or not relevant." *Id.*

Evidence of Monroe's prior conviction for possessing child pornography was admissible because it was "offered for a proper purpose," it was relevant and of substantial probative value, and the district court provided an appropriate limiting

instruction to the jury. *United States v. McCallum*, 584 F.3d 471, 475 (2d Cir.2009) (quoting *Huddleston v. United States*, 485 U.S. 681, 691, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988)). Contrary to Monroe's assertion, his offer to "stand mute" was "not an adequate substitute for the evidence" of his prior crime. *United States v. Polouizzi*, 564 F.3d 142, 153 (2d Cir.2009).

Finding no merit in any of the arguments presented by Monroe on appeal, we hereby **AFFIRM** the judgment of the district court.